ORRIN GROVER AND ANN SEGARS (FORMERLY GROVER), PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5651–75.   Filed July 26, 1977.

Orrin L. Grover, pro se.
*Rebecca T. Hill,* for the respondent.

IRWIN, *Judge:* The Commissioner determined a deficiency of $269 in petitioners' joint Federal income tax for the calendar year 1972. The issues for our decision are: (1) Whether petitioners are entitled to a deduction for expenses incurred by Orrin L. Grover while attending law school; and (2) whether home office expenses incurred in connection with petitioner's study of law are deductible business expenses under section 162.[1]

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect for the year in issue.

### FINDINGS OF FACT

Some of the facts have been stipulated. This stipulation of facts, along with attached exhibits, is incorporated herein by this reference.

Petitioners, formerly husband and wife, resided in San Francisco and Piedmont, Calif., respectively, at the time of filing their petition herein. They filed a joint Federal income tax return for the calendar year 1972 with the District Director of Internal Revenue, Fresno, Calif. Since Ann M. Segars (formerly Grover) is a party hereto solely by reason of having filed a joint return with her husband for the year in issue, Orrin Grover will hereafter be referred to as the petitioner.

Petitioner was a student at the United States Naval Academy until June 3, 1970, at which time he graduated and received a commission as a Marine Corps officer. Upon receiving his commission, petitioner was given orders to attend Officers' Basic School in Quantico, Va., which he successfully completed in March 1971. While awaiting orders for his first transfer, petitioner was assigned to the Military Law Department at Officers' Basic School where he worked as an assistant instructor in military law. After 2 months, he was transferred to the base legal office on the Marine Corps base where he worked preparing administrative opinions for the commanding general and representing the Government before administrative discharge boards. Then, in August 1971, petitioner was transferred from the Marine base at Quantico to Treasure Island Naval Base where he was given the military occupational specialty of basic lawyer. Within 3 weeks thereafter petitioner was placed in "excess leave status" so that he could attend law school. This meant that petitioner was in a status where he did not receive pay but was entitled to all other privileges which went along with his rank. For the periods of September 1971 to June 1972, September 1972 to May 1973, and September 1973 to May 1974 petitioner was a law student at Golden Gate University in San Francisco, Calif. During the remaining 3 months of each year he performed duties as a Marine officer assigned the military occupational specialty of basic lawyer at the 12th District Naval Law Center at Treasure Island. His duties included working with judge advocates and attorneys, process-

ing personal and Federal tort claims, working as an assistant trial counsel and trial counsel representing the Government before special court-martials, performing duties for the commandant of the 12th Naval District in reviewing summary, special, and general court-martials, preparing administrative advice, and writing legal opinions. After his graduation in June 1974, petitioner reported for full active duty and served as a basic lawyer until his discharge from the Marine Corps. During this period of time he served as an appellate clerk for the commandant of the 12th Naval District, representing the Government as assistant trial counsel before general court-martials and representing the Government as trial counsel and associate trial counsel before special court-martials. He also performed other duties such as counseling persons seeking legal advice.

Petitioner was discharged from the Marine Corps on February 25, 1975, and took the California bar examination on February 25, 26, and 27 of that same year. He was admitted to the California Bar in June of 1975.

Petitioner paid all the expenses incident to his study of law and was not reimbursed for said expenses. He sought to deduct these expenses along with certain home office expenses, which he claims he incurred incident to his study of law, on his 1972 individual income tax return. In the notice of deficiency respondent disallowed the education expense deduction asserting that it qualified petitioner for a new trade or business. Respondent also disallowed the home office expense deduction stating that it was not established as an ordinary and necessary business expense.

OPINION

We are thus confronted with two issues, to wit:

(1) Whether petitioner's law school education led him toward qualifying in a new trade or business; and

(2) Whether the home office expenses which petitioner seeks to deduct are ordinary and necessary business expenses within the meaning of section 162.

Section 162 allows a deduction for ordinary and necessary business expenses. Section 1.162–5, Income Tax Regs., sets forth guidelines for determining those educational expenses which are ordinary and necessary expenses incident to a

taxpayer's trade or business from those which are not. In this regard, subsection (b)(3)(i) of the regulation cited above states as follows:

Sec. 1.162–5. Expenses for education.

(b) *Nondeductible educational expenditures* * * *

* * *

(3) *Qualification for new trade or business.* (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *

* * *

(ii) The application of this subparagraph to individuals other than teachers may be illustrated by the following examples:

*Example (1).* A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductible because this course of study qualifies him for a new trade or business.

*Example (2).* Assume the same facts as in example (1) except that A has the status of an employee rather than a self-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer. Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.

In *Davis v. Commissioner,* 65 T.C. 1014 (1976), this Court articulated a standard for determining whether an educational expenditure qualified a taxpayer for a new trade or business. We stated at page 1019:

This Court has adopted a "commonsense approach" when we have been required to decide whether an educational expenditure qualified a taxpayer for a "new trade or business," and hence was nondeductible. *William D. Glenn,* 62 T.C. 270, 275 (1974); *Ronald F. Weizmann,* 52 T.C. at 1110. If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. *William D. Glenn, supra; Ronald F. Weizmann, supra.* * * *

Petitioner insists that his law school education did not qualify him for a new trade or business because he was qualified to practice law as a military lawyer both before and after his graduation from law school. We do not agree.

We acknowledge that prior to petitioner's graduation from law school he performed many of the tasks and activities often performed by lawyers, or their military equivalent, judge advocates.[2] However, this is not enough. While he could perform many such activities, he could not perform the essential activities of a judge advocate. He could not act as a military judge as could a judge advocate. He could not be chief trial counsel at a general court-martial as could a judge advocate. At a special court-martial where a bad conduct discharge might be adjudged, a defendant can only be represented by a judge advocate and not by one of petitioner's status. We perceive petitioner's status to have been not unlike that of a legal intern. Indeed, the military apparently did too as his military occupational specialty was that of basic lawyer, an introductory classification to be replaced by the title judge advocate upon completion of basic training, a 6-month course at Military Justice School, and admission to the bar of the highest court of any State. We cannot ignore the distinctions in tasks and activities which the military itself recognizes in these different military occupational specialties. Petitioner's law school education led him toward qualifying as a judge advocate, a position which we believe constitutes a new trade or business. It enabled him to sit for the California bar examination which he eventually took and passed. Accordingly, we find petitioner's expenditures are not ordinary and necessary business expenses within the meaning of section 162 but rather nondeductible personal expenses within the meaning of section 262. See sec. 1.162–5(b)(1), Income Tax Regs.

Petitioner also claims a deduction for home office expenses he incurred in attending law school. He argues that they were ordinary and necessary business expenses incident to his employment in the military because it was his duty to attend law school. Since the military did not provide him with an office to carry out these duties, he contends that he found it necessary to utilize a portion of his home to carry out his duties as a law student. However, we need not decide the

---

[2] The status of judge advocate will only be assigned to an officer on active duty who is, inter alia, a member of the bar of a Federal court or the highest court of a State of the United States.

merits of such an argument in this particular case because petitioner has not put any evidence in the record on which we could decide in his favor other than the unsubstantiated claim he made in his return. He has failed to show the quantity of use to which the home office was put and thus we are forced to deny his claimed home office expense deduction. Rule 142(a), Tax Court Rules of Practice and Procedure.

*Decision will be entered for the respondent.*

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect for the years in issue.