RICHARD LYNN CARTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carter v. Commissioner
Docket No. 2868-78.
United States Tax Court
T.C. Memo 1979-422; 1979 Tax Ct. Memo LEXIS 103; 39 T.C.M. (CCH) 350; T.C.M. (RIA) 79422; October 10, 1979, Filed Richard Lynn Carter, pro se. Benjamin A. de Luna, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined deficiencies in the amounts of $789.15 and $1,492.64 in petitioner's Federal income taxes for 1974 and 1975, respectively. The only issue for decision [1] is whether petitioner is entitled, under section 162[2] and the Income Tax Regulations thereunder, to deduct as educational expenses the costs he incurred and paid in pursuing a course of law school study that led him to a Juris Doctorate Degree. *104 All the facts are stipulated. Petitioner was a legal resident of Lakewood, Colorado, at the time he filed his petition. He filed his income tax returns for 1974 and 1975 with the Internal Revenue Service Center, Ogden, Utah. In March 1970, petitioner was appointed to a position as Judge of the County Court of Summit County, Colorado. The minimum educational requirement for this position was a high school diploma or its equivalent, [3] and petitioner held a Bachelor of Science Degree from the University of Texas. At no time during the years in issue did the State of Colorado require county judges of Summit County to have law degrees. *105 In an effort to improve his skills while on the bench, petitioner enrolled in the University of Denver, College of Law, pursuing a course that would lead to a Juris Doctorate Degree. He was graduated from law school in August 1975 and was defeated in a bid for re-election as a county judge in 1976. He passed the Colorado bar examination, was admitted to the practice of law in 1977, and was engaged in the practice of law at the time of the trial. In 1974 and 1975, petitioner incurred and paid law school expenses in the respective amounts of $3,276.30 and $6,619, and claimed such amounts as deductions on his income tax returns for those years. In the notice of deficiency issued to petitioner, respondent disallowed the claimed deductions. Respondent contends that the law school expenditures were incurred for a course of study that would qualify petitioner for a new trade or business and, for this reason, are nondeductible. Petitioner contends that, as a sitting judge in the Summit County Court, he was already in the legal profession and that, therefore, completion of this course of study did not qualify him for a new profession. He maintains that he had met the minimum requirements *106 of the profession and took the course of study to improve his skills as a judge. Section 162(a) allows as a deduction all the ordinary and necessary expenses paid or incurred in carrying on a trade or business. Education as a general rule, however, is beneficial to an individual in a variety of ways and for a long period of time, Carroll v. Commissioner, 51 T.C. 213, 216 (1968), affd. 418 F.2d 91 (7th Cir. 1969), and its costs are basically "personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures." Sec. 1.162-5(b), Income Tax Regs. Accordingly, section 1.262-1(b)(9), Income Tax Regs., provides that expenditures for education are deductible only if they qualify under section 162 and section 1.162-5, Income Tax Regs.
Section 1.162-5(b)(3), [4] Income Tax Regs., provides that educational expenditures are not deductible if they are "made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." The validity of this regulation has been sustained in numerous decided cases. E.g., Weiszmann v. Commissioner, 443 F.2d 29, 30 (9th Cir. 1971), *107 affg. per curiam 52 T.C. 1106 (1969); Bodley v. Commissioner, 56 T.C. 1357, 1361 (1971). Petitioner, prior to taking the law school courses, was not authorized to practice law. Those courses were part of a program of study which led to qualifying him to do so. The regulation thus dictates denial of the disputed deductions. *108 We do not question petitioner's thesis that the study of law was helpful to him in handling certain aspects of his work as a county judge. But that is not the test. The courts have denied deductions for law school expenses by individuals engaged in a wide variety of businesses or professions even though the study of law may have been helpful in performing duties involving aspects of the work of the legal profession. See, e.g., Melnik v. United States, 521 F.2d 1065 (9th Cir. 1975), cert. denied 425 U.S. 911 (1976); Weiler v. Commissioner, 54 T.C. 398, 402 (1970); Taubman v. Commissioner, 60 T.C. 814, 815 (1973) (internal revenue agents--accountants); O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. 519 F.2d 1406 (7th Cir. 1975) (accountant); Grover v. Commissioner, 68 T.C. 598, 602 (1977) (military officer whose duties included service as trial counsel and assistant trial counsel in courts-martial); Feistman v. Commissioner, 63 T.C. 129, 134 (1974) (probation officer). Serving as a county judge--a position which by statute required only a *109 high school diploma or its equivalent--did not qualify petitioner to practice law. He became so qualified by taking the law school courses in question. We conclude, therefore, that section 1.162-5(b)(3), Income Tax Regs., denies the deductibility of the cost of those courses. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Petitioner has conceded the following adjustments in the notice of deficiency: ↩
1974
1975
Medical expense $830
$ 97.66
Colorado bar exam fee,
bar refresher course,
and materials
$265.00
2. All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.↩
3. Colo. Rev. Stat. Ann. sec. 13-6-203 (1973) provides in provides in pertinent part: Sec. 13-6-203. Qualifications of judges. * * * (4) In counties of Class D, no person shall be eligible for appointment to the office of county judge unless he has graduated from high school or has attained the equivalent of a high school education as indicated by the possession of a certificate of equivalency issued by the department or education based upon the record made on the general educational development test.
Summit County is a Class D county. Colo. Rev. Stat. Ann. sec. 13-6-201(d)↩ (1973).
4. Sec. 1.162-5(b)(3), Income Tax Regs., provides in pertinent part: (3) Qualification for new trade or business. (i) The second category of nondeductible educational expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a new trade or business. * * *
Example (1). A, a self-employed individual practicing a profession other than law, for example, engineering, accounting, etc., attends law school at night and after completing his law school studies receives a bachelor of laws degree. The expenditures made by A in attending law school are nondeductibel because this course of study qualifies him for a new trade or business. Example (2)↩. Assume the same facts as in example (1) expect that A has the status of an employee rather than a salf-employed individual, and that his employer requires him to obtain a bachelor of laws degree. A intends to continue practicing his nonlegal profession as an employee of such employer.Nevertheless, the expenditures made by A in attending law school are not deductible since this course of study qualifies him for a new trade or business.