ROBERT C. and MARY JEAN BEATTY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beatty v. Commissioner
Docket No. 8713-78.
United States Tax Court
T.C. Memo 1980-196; 1980 Tax Ct. Memo LEXIS 390; 40 T.C.M. (CCH) 438; T.C.M. (RIA) 80196; June 4, 1980, Filed Robert C. Beatty, pro se. Irene Scott Carroll, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: For the taxable year 1975, respondent *391 determined a deficiency of $627.00 and an addition to tax under section 6653(a) [1] in the amount of 31.00. [2] Concessions having been made, the remaining issues for decision are: (1) Whether petitioners are entitled to deduct amounts paid for educational expenses as ordinary and necessary and necessary business expenses; and (2) Whether petitioners are entitled to a deduction for political contributions under section 218. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation and the attached exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioners resided in Irvine, California. Petitioner, Robert C. Beatty (hereinafter referred to as petitioner), is an employee of the McDonnell Douglas Corporation ("McDonnell") and has been employed at its plant in Huntington Beach, California, since January *392 of 1972. Prior to the commencement of his employment with McDonnell, petitioner had obtained bachelor's and master's degrees in aeronautical engineering from the University of Illinois. Since the beginning of his employment with McDonnell, petitioner's job classification has been "Engineer/Scientist Specialist." Most of his work has been in the area of guidance, navigation and control systems, an area which essentially involves developing and testing the technology used to control the flight of aircraft. Petitioner was initially responsible for generating and testing guidance system data for a NASA launch vehicle. Soon afterwards petitioner's expertise in guidance system technology progressed. His duties expanded to include developing guidance simulation programs, testing of actual guidance flight computer programs and responsibility for software integration in McDonnell's guidance, navigation and control system group. Petitioner's career goal lies in the field of engineering operations (or technical) management, an area where he would be responsible for supervising the work of engineers on particular projects. Petitioner feels that he is particularly well suited to work *393 in such a capacity since he enjoys both working with people and organizing the work activities of fellow employees. Thus, by working in the area of software integration, petitioner has come closest to realizing his career objective. For example, his tasks have included: managing the technical aspects of developing guidance system software; coordinating the integration of this software into a guidance and control system flight computer program; and development of test software and procedures for its evaluation. Although there are over 100 engineers who work in the guidance, navigation and control group, only two other people at McDonnell's Huntington Beach plant do software integration work similar to the kind in which petitioner is engaged. In fulfilling these duties, petitioner is required to coordinate the activities of numerous other engineers in McDonnell's guidance, navigation, and control group. This has involved frequent interaction with individuals at various levels both within and without the McDonnell organization. In order to coordinate the designs of individual engineers to produce an overall computer program, petitioner has often been called on to resolve technical, *394 philosophical and personal conflicts among various individuals, groups and subcontracting companies. With a view to furthering his career objectives by enhancing the skills needed for technical management, petitioner became a candidate for a Masters of Science degree in Administration at the University of California at Irvine ("UCI"). He matriculated in that program in the fall semester of 1973. Petitioner's course of study in the administration program at UCI focused on various aspects of management, business and business organization. The courses which he took (on a part-time basis at night) were generally oriented toward management and administration and included work planning, employee motivation, organization theory, finance, quantitative methods and law. There were no specialized departments within the program through which a candidate could obtain a degree in a particular concentration of business administration (e.g., finance). In 1975 petitioner graduated from the program and received an MS. in Administration. For the taxable year 1975 petitioner paid the following amounts to the University of California at Irvine: Tuition
$ 693.00
Books
129.29
Transcripts
3.00
Travel (mileage)
186.00
Miscellaneous
(i.e., typing, etc.)
17.00
Total
$1,028.29
*395 McDonnell had a company policy of reimbursing the educational expenses of its employees. McDonnell would, upon consideration of the employee's curriculum, job classification, expected progression and ability displayed through job performance, approve an employee's reimbursement request if the degree program which the employee was pursuing was related to his or her occupational field. In October of 1973, petitioner made a "Request for Curriculum Approval" to McDonnell in order to obtain reimbursement for his educational expenses. This request was approved in November of that year. For those amounts which petitioner received as reimbursement for his expenses, McDonnell withheld federal income taxes. Petitioner accordingly included the amounts he received as reimbursements in 1975 as income on his 1975 return. Also on their 1975 tax return, petitioners claimed a deduction for political contributions in the amount of $175.00. OPINION
Section 162 allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Guidelines governing the deductibility of educational expenses are prescribed in section *396 1.162-5, Income Tax Regs., which provides in pertinent part: (a) General rule. Expenditures made by an individual for education (including research undertaken as part of his educational program) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education-- (1) Maintains or improves skills required by the individual in his employment or other trade or business, * * * (b) Nondeductible educational expenditures-- (1) In general. Educational expenditures described in subparagraphs (2) and (3) of this paragraph are personal expenditures, or constitute an inseparable aggregate of personal and capital expenditures and, therefore, are not deductible as ordinary and necessary business expenses even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations. * * *
(3) Qualification for new trade or business. (i) The second category of nondeductible educational *397 expenses within the scope of subparagraph (1) of this paragraph are expenditures made by an individual for education which is part of a program of study being pursued by him which will lead to qualifying him in a trade or business. In the case of an employee, a change of duties does not constitute a new trade or business if the new duties involve the same general type of work as is involved in the individual's present employment. For this purpose, all teaching and related duties shall be considered to involve the same general type of work. The following are examples of changes in duties which do not constitute new trades or businesses: (a) Elementary to secondary school classroom teacher. (b) Classroom teacher in one subject (such as mathematics) to classroom teacher in another subject (such as science). (c) Classroom teacher to guidance counselor. (d) Classroom teacher to principal. Respondent contends that petitioner is not entitled to an educational expense deduction because: (1) the education which petitioner obtained lacked the requisite proximity to his trade or business; (2) even if the education was sufficiently related, it was part of a program which would *398 qualify petitioner for a new trade or business. [3] Petitioner, naturally, disputes both of these contentions. With regard to respondent's first argument that the expenses were not sufficiently related to petitioner's trade or business, we do not agree. We are satisfied that the education at issue maintained and improved the skills which petitioner utilized in performing his duties at McDonnell. It is evident that a significant portion of petitioner's duties involved management, interpersonal and administrative skills. Even though the bulk of petitioner's activities centered around duties which are typically associated with being an engineer, we cannot perceive any discrete line of demarcation between the engineering aspect of his employment and the administrative role he played in the software integration area; many of the skills petitioner utilized in that area transcend any strict and rigid definition of engineering. Accordingly, *399 we find that petitioner has met his burden of proving that the expenses he incurred in pursuing an MS. in Administration maintained and improved the skills required of him at McDonnell. Additionally, respondent argues that even if petitioner's education maintained and improved his work skills, his educational expenditures are nonetheless not deductible since they qualified him for a new trade or business. In determining whether an educational expenditure qualifies a taxpayer for a new trade or business, it is necessary to compare the types of tasks and activities the taxpayer was qualified to perform both before and after the acquisition of the particular degree. Weiszmann v. Commissioner, 52 T.C. 1106, 1110 (1969), aff'd. 443 F. 2d 29 (9th Cir. 1971). If there are substantial differences between the respective occupations or employments, then each one constitutes a separate trade or business. Davis v. Commissioner, 65 T.C. 1014 (1976); Glenn v. Commissioner, 62 T.C. 270 (1974). On the basis of the facts presented we believe that petitioner's education did not qualify him for a new trade or business within the *400 meaning of section 1.162-5(b)(3), Income Tax Regs. Petitioner's course of study provided him with a broad general background in management, business and business administration. As petitioner was already engaged in work activities which combined the essential components of administration and management, the education which he obtained corresponded with, at most, a change in his duties at McDonnell. Since respondent's own regulations acknowledge that an employee's change of duties does not constitute a new trade or business, [4] petitioner's studies at U.C.I. did not correlate with any entrance by petitioner into a new trade or business. Instead, those studies merely reflected a change in his duties at McDonnell. [5]
*401 We also take note that petitioner's course of study involved a broad, general overview of the management and administrative operations of business life. There were no specialized programs which would qualify a graduate, as a matter of technical training or as a prerequisite to professional certification, for any particular trade, profession or business. Thus, petitioner's studies are not akin to those present in other cases which have disallowed deductions on new trade or business grounds. [6] In the context of this case, we do not view the general study of business management and administration as qualifying petitioner for a trade or business that is new and different than that which he was already engaged in. [7] Accordingly, we hold that the amounts which petitioner claimed as educational expenses in 1975 are deductible in that year under section 162(a) as ordinary and necessary business expenses. *402 Next we address the issue of whether petitioner is entitled to any deduction for political contributions under section 218. [8] Although petitioner testified at trial that he made $175 in campaign contributions in 1975, he refused to provide any documentation to substantiate these claimed contributions as he believes that such requirement infringes on his rights of privacy. [9] However, petitioner also stated that if verification was required of him then he was willing to forego the deduction as the price for preventing the government from interfering in his private affairs. Thus, it appears that petitioner has conceded this issue, especially since he neither requested findings of fact with respect to it nor addressed it in his brief. Accordingly, we hold for respondent on this issue. *403 Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue, except as otherwise expressly indicated. ↩
2. Petitioners have conceded that, under sec. 6653(a), they were negligent in failing to include certain amounts received as interest in their income.↩
3. To the extent that petitioner was reimbursed for his expenses, petitioner is nonetheless entitled to a deduction as he included such amounts in his income for 1975. See section 62(2)(A) and Rev. Rul. 60-97, 1960-1 C.B. 69↩, 74.
4. Sec. 1.162-5(b)(3)(i), Income Tax Regs. See also Rev. Rul. 60-97, 1960-1 C.B. 69↩, 73. 5. The regulations indicate, as an example, that the promotion from a classroom teacher to a principal constitutes a change in duties and not a new trade or business. Sec. 1.162-5(b)(3)(i)(d), Income Tax Regs.↩ Although the examples therein deal with teaching, we view the classroom teacher/principal example analogous to the present case. The duties of a principal vis-a-vis a classroom teacher are oriented more toward administration and management and are of a similar nature to the administrative/management aspects of petitioner's duties in the area of software integration.
6. E.g., Grover v. Commissioner, 68 T.C. 598 (1977) (law school expenses); Reisinger v. Commissioner, 71 T.C. 568 (1979) (education qualified taxpayer to take physician's assistant certifying examination); Glenn v. Commissioner, 62 T.C. 270 (1974) (course to prepare taxpayer for CPA licensing examination). Compare Coughlin v. Commissioner, T.C. Memo. 1969-80↩ where the receipt of a BS. in Business Administration did not qualify the taxpayer, a methods and controls analyst, for a new trade or business. 7. See Granger v. Commissioner, T.C. Memo. 1980-60↩, and cases and rulings collected in footnote 3 thereof.
8. SEC. 218. CONTRIBUTIONS TO CANDIDATES FOR PUBLIC OFFICE. (a) Allowance of Deduction.--In the case of an individual, there shall be allowed as a deduction any political contribution (as defined in section 41(c)(1)) or newsletter fund contribution (as defined in section 41(c)(5)) payment of which is made by such individual within the taxpable year. Section 218 was repealed with respect to contributions the payment of which is made after December 31, 1978, in taxable years beginning after such date, by the Revenue Act of 1978, Pub. L. 95-600, section 113(a)(1), 93 Stat. 2763. ↩
9. Section 218(b)(2) states as follows: VERIFICATION.--The deduction under subsection (a) shall be allowed, with respect to any political contribution or newsletter fund contribution, only if such contribution is verified in such manner as the Secretary or his delegate shall prescribe by regulations. These regulations are contained in sections 1.41-0 through -8, Income Tax Regs.↩