JOHANNES L. KUH and ADRIANA KUH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuh v. Commissioner
Docket No. 410-82.
United States Tax Court
T.C. Memo 1983-572; 1983 Tax Ct. Memo LEXIS 217; 46 T.C.M. (CCH) 1405; T.C.M. (RIA) 83572; September 15, 1983. Adriana Kuh, pro se. M. K. Mortensen, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined a deficiency in petitioners' 1977 Federal income tax in the amount of $695. The sole issue for decision is whether petitioners are entitled to a deduction for certain educational expenses under section 162(a). [1]
Some of the facts have been stipulated and are found accordingly. Johannes L. Kuh and Adriana Kuh (hereinafter petitioner), husband and wife, resided in Escondido, California, when they filed their 1977 joint Federal income tax return, and when they filed their petition in this case. During 1977, petitioner's sole *218 employment was as a teacher's assistant by Palomar Community College District (hereinafter Palomar), San Marcos, California. Petitioner assisted teachers in Palomar's Pre-Discharge Education Program, a 13-week high school diploma curriculum for active duty servicemen who were stationed at Camp Pendleton and who had failed to graduate from high school prior to entering the armed forces. Under California law, a teacher's assistant is authorized to work only under the immediate supervision of a credentialed classroom teacher to whom the assistant is assigned. See Cal. Educ. Code Sec. 10020 (West 1978). [2]
*219 During 1977, petitioner attended two semesters at San Diego State University. The first semester ran from January through June of such year, and was attended by petitioner in order to obtain her baccalaureate degree. [3] Petitioner enrolled in the following courses during such semester: the secondary school; teaching of reading in the secondary school; advanced grammar and composition; German literature from the beginning to the reformation; and German literature of the 18th Century. The second semester at San Diego State University ran from September 1977 through January 1978, and petitioner enrolled in the following courses: instruction in media equipment and production, humanistic and social aspects of teaching; behavioral and physiological aspects of teaching; student teaching; and health education for secondary teachers. Under California law, a baccalaureate degree or higher degree and a fifth year of study are part of the requisites for obtaining a teaching credential in the public elementary and secondary schools. See Cal. Educ. Code Sec. 44259 (West *220 1978). [4] Sometime after 1977, petitioner met the requirements to become an accredited teacher and she obtained a teaching credential from the State of California. Petitioner's teaching credential entitled petitioner to teach grades kindergarten through twelfth and, upon receiving such credential, petitioner obtained employment in various public school districts in north San Diego county. *221 On her 1977 Federal income tax return, petitioner claimed an educational expense deduction in the amount of $2,655. The claimed deduction was attributable to expenses incurred by petitioner in attending courses at San Diego State University. In the notice of deficiency, respondent disallowed the claimed deduction on the following alternative three theories: (i) the expenses were incurred to meet the minimum educational requirements for qualification in petitioner's employment; (ii) the expenses qualified petitioner for a new trade or business; and (iii) the petitioner did not verify that the amounts in issue had actually been incurred. In their petition, petitioners raised no issue with respect to whether or not the claimed educational expenses were paid or incurred. In the stipulation of facts filed herein, the parties state that petitioner incurred $2,383 in expenses, but they still dispute whether or not such expenses were deductible. [5] At trial, no issue was raised with respect to the difference between the $2,383 stipulated and the $2,655 claimed on the return. Consequently, we conclude that petitioners have conceded such difference and we proceed with the issue of *222 the deductibility of the stipulated expenses. Petitioner argues that she was in the trade or business of teaching because she was a teacher's aide. Consequently, she maintains that the educational courses at San Diego State University were taken in order to maintain and improve the skills required in her profession. Respondent, on the other hand, maintains on brief that the educational expenses in question were nondeductible because they were incurred by petitioner to help her meet the minimum educational requirements for qualification as a teacher. We agree with respondent. There is no evidence in the record as to what the minimum education requirements were for the petitioner's position as a teacher's assistant during 1977. See sec. 1.162-5(b), Income Tax Regs. It appears, however, that petitioner did not intend to continue as a teacher's assistant as she continued to pursue the requirements for a teacher's credential and, once such credential was obtained, she sought employment as an accredited teacher with the north San Diego county public *223 school districts. While the record is not very detailed with respect to petitioner's job duties as a teacher's assistant at Palomar, it is clear that petitioner was only authorized to act as a teacher's assistant under the immediate supervision of a licensed or certified teacher. Accordingly, petitioner, as a teacher's aide, did not perform those duties and carry out the responsibilities which are essential to the teaching function.See Diaz v. Commissioner,70 T.C. 1067, 1075 (1978), affd. without published opinion 607 F.2d 995 (2d Cir. 1979); Grover v. Commissioner,68 T.C. 598, 602 (1977); Davis v. Commissioner,65 T.C. 1014, 1019 (1976); Weiszmann v. Commissioner,52 T.C. 1106, 1110 (1969), affd. per curiam 443 F.2d 29 (9th Cir. 1971). We find the instant case virtually indistinguishable from Diaz v. Commissioner,supra, which involved a taxpayer who claimed deductions during 1973 and 1974 for expenses incurred in obtaining a bachelor of science degree in education while working as a paraprofessional in the New York City public school system. At that time, an individual seeking *224 provisional certification as a teacher in New York was required to have a baccalaureate degree. Subsequent to receiving her baccalaureate degree in June 1974, the taxpayer obtained employment as a teacher in a day care center but she was not able to find employment during 1974 as a teacher in the New York City public school system. We held that the claimed deduction should be disallowed because the taxpayer's program of study "will lead to qualifying the taxpayer in a new trade or business." Diaz v. Commissioner,supra at 1075; see sec. 1.162-5(b)(3)(i), Income Tax Regs. We also held that the taxpayer's expenses were incurred in order for her to meet the minimum educational requirements for qualification as a teacher and, therefore, the claimed deduction should be denied. Diaz v. Commissioner,supra at 1076. See sec. 1.162-5(b)(2)(i), Income Tax. Regs.
Since we find the instant case to be virtually indistinguishable from Diaz v. Commissioner,supra, we hold for the reasons expressed therein (see discussion, supra), that petitioner is not entitled to a deduction for educational expenses under section 162(a). *225 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. This section provides as follows: Nothing in this chapter shall be construed as preventing school districts from hiring, employing, or otherwise using teacher aides, instructional aides, or teacher-assistants under the terms of existing law and financial support formulas. The commission may study the various roles of such paraprofessionals and routinely report its findings. Public and private colleges, universities, and community colleges may develop cooperative programs with school districts or school governing boards to place undergraduate and graduate students in public and private classrooms as teacher aides or assistants. Such assignment may be, at the discretion of the institution, the basis for securing college credit. A certificate to serve as a temporary teacher-assistant shall be issued, by the county superintendent of schools of the county in which service is to be rendered, to the holder of a recommendation from an accredited college, university, or community college. The certificate shall authorize the holder to serve as a teacher-assistant. No such certificate shall be granted for a period exceeding two years. The teacher-assistant certificate shall not be used in lieu of a teaching credential. The holder of such a certificate shall work under the immediate supervision of a credentialed classroom teacher to whom the teacher-assistant is assigned, who shall be present in the classroom while the teacher-assistant is performing his classroom duties or who shall be available at all times to provide guidance and direction to the teacher-assistant.↩
3. The record does not indicate where or when petitioner completed her prior college training.↩
4. This section provides: The minimum requirements for the teaching credential, except designated subjects, are: (a) A baccalaureate degree or higher degree, except in professional education, from an approved institution. (b) A fifth year of study to be completed within five years from the date of issuance of the preliminary credential. (c) An approved program of professional preparation. (d) Passage of a subject matter of examination or its waiver as specified in this chapter. (e) Demonstration of a knowledge of the various methods of teaching reading, to a level deemed adequate by the commission, by successful completion of a program of study approved by the commission or passage of a commission-approved reading examination. This subdivision does not apply to any candidate for a single subject instruction credential who holds a degree in industrial arts, physical education, music, art, or home economics.↩
5. The stipulation provides that the $2,383 amount consists of expenses for tuition, books, miscellaneous fees, and transportation.↩