JOSEPH J. VETRICK, JR. and SUSAN H. VETRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vetrick v. Commissioner
Docket No. 181-77.
United States Tax Court
T.C. Memo 1978-83; 1978 Tax Ct. Memo LEXIS 432; 37 T.C.M. (CCH) 392; T.C.M. (RIA) 780083; February 28, 1978, Filed Joseph J. Vetrick, Jr., pro se. David M. Berman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code of 1954, as amended, and General Order No. 5 of this Court. [1]
The Court agrees with and adopts the opinion of Special Trial Judge Aarons which is *433 set forth below. OPINION OF SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Respondent determined deficiencies in petitioners' federal income tax for 1972 and 1973 in the respective amounts of $326 and $209. The petition on file herein does not contest the 1973 deficiency.The only issues before the Court are the deductibility under section 162 [2] of education expense and the deductibility of related travel expense of Joseph J. Vetrick, Jr. (hereinbelow referred to as "petitioner") during the year 1972. FINDINGS OF FACT Many of the facts were stipulated. The stipulation of facts, including the exhibits attached therto, is incorporated herein by reference. Petitioners are husband and wife whose legal residence at the time of filing of the petition was Lighthouse Point, Florida. They filed a timely return for 1972. Petitioner sat for and passed the Bar examination in the State of Montana in 1969 and was admitted to practice before the Montana Supreme Court and the United States District Court, District of Montana. The State of Montana, in 1969, *434 did not require that applicants for admission to the Bar complete a course of study at a law school. Petitioner had completed two years of law study at Case Western Reserve University, Cleveland, Ohio, prior to sitting for the Montana Bar examination. During a subsequent tour of active duty with the United States Army, and based upon his admission to the Montana state and federal courts, petitioner was transferred to full-time duty at the Nuremberg United States Army Trial Center, Nuremberg, West Germany, where he spent the last half of his active duty as a qualified military lawyer, certified by the Judge Advocate General of the United States Army. Petitioner alternately prosecuted or defended more than one hundred trials by general or special court-martials, and provided general legal assistance and counseling.He was admitted to practice before the United States Court of Military Appeals, a civilian court in Washington, D.C.He was awarded the United States Commendation Medal for outstanding service as a trial counsel. Certification by the Judge Advocate General of the United States Army and admission to the United States Court of Military Appeals can be accomplished only by *435 fully licensed attorneys. In early 1972, subsequent to discharge from active duty with the United States Army, petitioner established a law practice in Cleveland, Ohio, limited to the federal courts. He was admitted to and regularly appeared in the United States District Court, Northern District of Ohio. His practice required his admission to various federal courts including the United States Supreme Court. During the summer and fall of 1972, petitioner enrolled as a part-time student at Case Western Reserve University, School of Law. In June, 1973, he received a Juris Doctor degree from Case Western Reserve University, School of Law. In September, 1973, petitioner came to Florida and accepted employment as an estate and gift tax examiner with the Internal Revenue Service at Fort Lauderdale, Florida. The position of estate and gift tax examiner in the State of Florida requires completion of a course of study culminating in a law degree. The petitioner was, however, eligible to be employed as an estate and gift tax examiner in the State of Montana without completion of the degree. Neither the State of Ohio nor the State of Florida would admit petitioner to the practice *436 of law in the state courts without his completion of a course of study leading to a law degree from an accredited law school. Petitioner took the Florida Bar examination in July, 1973, and was admitted in October, 1973.
The educational expenses incurred by the petitioner in 1972 were $1,836; automobile expenses traveling to class were $411.84. Petitioner indicated he took the Florida bar examination to provide assurance for himself that if some day he should decide to retire in Florida, he would be able to practice there and thus supplement his retirement income.Petitioner was not doing well in his Ohio practice. His gross income from that source in 1972 was $600. The date of petitioner's move to Florida was three months after the received his Juris Doctor (J.D.) degree and two months after he took the Florida bar examination. Petitioner is an enthusiastic believer in continuing legal education, and he has in subsequent years put such belief into practice. OPINION If petitioner's subjective intent were determinative of the deductibility of his educational and related travel expenses here at issue, we would be hard put to accept at face value petitioner's assertion that *437 at the time the expenses were incurred he was looking to Florida only as a potential place to retire, that he took the courses in question as part of his quest for continuing legal education, and in general, that he was not qualifying himself for any professional status beyond that which he already possessed. The quick sequence of events following the receipt of his J.D. degree, coupled with petitioner's gross receipts of but $600 in 1972, serve at least to raise some question as to his then state of mind. [3]
We think, however, that petitioner's subjective intent-- regardless as to what it may have been--cannot affect our determination herein. Section 1.162-5(a) of the regulations permits the deduction of education expenses which maintain or improve skills *438 required by an individual in his employment or other trade or business, or which meet the express requirements imposed as a condition to retention of employment. But section 1.162-5(b)(3) of the regulations carves out an exception in the case of education of an individual which is "part of a program of study being pursued by him which will lead to qualifying him in a new trade or business." And section 1.162-5(b)(1) of the regulations states specifically that if (b)(3) applies, the education expenses are nondeductible even though the education may improve skills, or may meet the express requirements of the individual's employer. These regulations have been held to be valid. Weiszmann v. Commissioner,52 T.C. 1106 (1969). And it is now clearly established that the subjective purposes of the individual in obtaining the education are irrelevant. Objective standards must be applied. Weiler v. Commissioner,54 T.C. 398 (1970); Bodley v. Commissioner,56 T.C. 1357 (1971). The facts in the instant case are quite similar to the facts in Grover v. Commissioner,68 T.C. 598 (1977). The taxpayer therein was also a trial *439 counsel representing the government in military courts, preparing and writing administrative and legal opinions, and performing other duties such as counseling persons seeking legal advice. It is true that the taxpayer in Grover had not been admitted to practice in any state. The expenses he sought to deduct were for his law study in California preparatory to taking the California bar examination. He made the contention that he was qualified to practice law as a military lawyer both before and after his graduation from law school. The Court held that the education expenses were nondeductible and pointed to the various activities for which the taxpayer's law degree qualified him in which he could not have otherwise qualified--all adding up to "a new trade or business". The Court referred to Davis v. Commissioner,65 T.C. 1014 (1976) which stated at 1019: If substantial differences exist in the tasks and activities of various occupations or employments, then each such occupation or employment constitutes a separate trade or business. This same test has been applied in a case involving bar review expenses of an attorney who was already licensed in one state *440 and was seeking to qualify for practice in another state. Sharon v. Commissioner,66 T.C. 515, 528 et seq. (1976), on appeal (9th Cir., Dec. 20, 1976). And in Ryman v. Commissioner,51 T.C. 799 (1969), and Adamson v. Commissioner,T.C. Memo. 1973-107, this Court likewise disallowed, as deductions under section 162, expenses incurred by a practicing lawyer to gain admission to practice in a second state. Petitioner's expenses which are here in dispute enabled him to qualify as an estate and gift tax examiner in Florida. They also enabled him to qualify for practice in the state courts of Ohio had he chosen to remain there. They also enabled him to qualify for practice in the state courts of Florida if he decides to enter private practice there. We think that these new qualifications which were engendered by petitioner's education constituted "substantial differences" (see Davis,supra) from petitioner's professional qualifications existing before the education was completed. We have carefully studied the cases cited to us by petitioner. They do not alter our conclusion. A number of the cases cited were *441 decided on the basis of the regulations before they were revised in 1967 to set forth the objective standard hereinabove discussed. As stated in Weiler,supra, those cases are no longer regarded as having value as precedents. Other cases relied upon by petitioner, such as Sherman v. Commissioner,T.C. Memo. 1977-301 (which petitioner states is "the most closely analogous case") involved the question whether a taxpayer was "carrying on" a trade or business during a hiatus period in which he was obtaining his education. This is not a "hiatus" case. As we see it, there is no real issue as to whether petitioner was carrying on his law profession while he was completing his legal education. The only issue we need to consider is whether that education led to a new trade or business described in section 1.162-5(b)(3) of the regulations. [4] We think the authorities which we have cited are controlling in the disposition of that issue. *442 We accordingly hold that respondent's disallowance of petitioner's education expenses was proper. It follows of course that the related travel expense was likewise nondeductible. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. Pursuant to General Order No. 5 dated October 1, 1976, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Petitioner noted an objection to the admissibility of evidence relating to 1973, the year following the taxable year at issue. Although we do not apply the maxim "post hoc ergo propter hoc", to the extent that petitioner's intent may be relevant here--and petitioner himself claims an absence of specific intent in 1972 to practice in Florida-- we think that the events occurring in the succeeding year have some relevance.↩
4. Respondent also argues for the applicability of the "minimum requirements" test, under Regs. § 1.162-5(b)(2), which (if applicable) would also bar the petitioner's education expense deductions. In view of the conclusion we have reached, we need not consider the applicability of the "minimum requirement" test.↩