Joseph J. VETRICK, Jr. and Susan H. Vetrick, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 78–3111.

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1980.

Joseph J. Vetrick, Jr., pro se.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Gilbert E. Andrews, Acting Chief, Appellate Section, Stuart E. Seigel, Chief Counsel, I.R.S., Ann Belanger Durney, David B. Allen, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent–appellee.

Before HILL and POLITZ, Circuit Judges, and O'KELLEY,* District Judge.

O'KELLEY, District Judge:

The question presented in this appeal is whether under section 1.162–5 of the Treasury Regulations the cost of law school courses and related travel expenses may be deducted for income tax purposes as an educational expense by an attorney qualified to practice in federal courts only. The appellants Joseph J. Vetrick, Jr. and Susan H. Vetrick deducted from their joint return filed for 1972 the cost of tuition, books, and travel to and from Case Western Reserve University School of Law as an educational expense incurred to maintain or improve Joseph Vetrick's skills as a practicing attorney. The respondent Commissioner of the Internal Revenue Service rejected this deduction and notified the appellants by certified mail in October of 1976 of an alleged deficiency of $326.00. The appellants then petitioned the United States Tax Court for a redetermination of their tax liability, contending that the Commissioner erred in disallowing the deductions for educational and travel expenses. Deciding that the law courses completed by Joseph Vetrick qualified him for a "new trade or business" within the meaning of section 1.162–5(b)(3), the tax court, however, concluded that

* District Judge of the Northern District of Georgia, sitting by designation.

these expenses were not deductible and held for the Commissioner. *Vetrick v. Commissioner*, 37 T.C.M. (CCH) 392 (1978). Because we agree with the tax court's interpretation of this section, we affirm its decision.

Section 1.162–5(a) of the Treasury Regulations permits a taxpayer to deduct from his income tax the costs incurred in maintaining or improving the skills required in his trade or business or in satisfying the educational requirements necessary to retain his job. This deduction, however, is not available to a taxpayer who thereby qualifies for a new trade or business, even though this education also improves his occupational skills or meets the express conditions imposed by his employer. 26 C.F.R. § 1.162-5(b)(1), (3). To determine whether an educational course qualifies the taxpayer for a new trade or business and therefore whether this expense is nondeductible, courts have consistently resorted to an objective standard: irrespective of the taxpayer's intent in undertaking the course of study, or of what he intends to do with his newly acquired knowledge, a taxpayer is not entitled to this deduction for the costs of his education when this instruction enables him to perform substantially different tasks and activities from what he was able to perform before. *Sharon v. Commissioner*, 66 T.C. 515 (1976), *aff'd*, 591 F.2d 1273 (9th Cir. 1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979).

■ In holding for the Commissioner, the tax court concluded that Joseph Vetrick's part-time attendance at law school in 1972 led ultimately to a juris doctor degree, which would enable him to perform substantially different legal tasks, and that, therefore, even though at the time these courses were taken Joseph Vetrick was admitted to and regularly practiced in federal courts in the Cleveland, Ohio area, and notwithstanding the fact that several years prior to this time Joseph Vetrick sat for and passed the Montana State Bar Examination and was admitted to practice before the Montana Supreme Court, these law school expenses were not deductible as "ordinary and necessary" business expenses incurred to improve his skill as an attorney. The appellants essentially take issue with two aspects of the tax court's decision. They first argue that the completion of these courses did not qualify Joseph Vetrick for a new trade or business, since he was a practicing attorney at the time he resumed his law school studies. Second, they contend that only the courses taken, and the expenses deducted, in 1972 should be measured against this objective standard, not the courses he completed in the following year[1] to finish the requirements for a juris doctor degree. In support of their first contention the appellants show that Joseph Vetrick was admitted to the Montana State Bar and practiced regularly in that state's courts, that he served with distinction as an attorney representing the United States Army and was certified by the Judge Advocate General, and that upon discharge from active military duty he established a federal law practice in Cleveland, Ohio, all before he began taking these law school courses. They further point out that the courses in which he enrolled were selected specifically to sharpen the skills he used in federal court. None of these facts, however, have ever been in dispute. While we may agree that Joseph Vetrick was engaged in a limited legal practice at the time he enrolled in these courses, it does not follow necessarily that by completing the law school curriculum and obtaining a juris doctor degree, he was not qualified for a new trade or business. In *Sharon v. Commissioner, supra*, the Ninth Circuit affirmed the tax court's ruling that an IRS attorney, licensed to practice law in the State of New York and who did not need to be a member of the state bar to continue at his job with the government, could not deduct the expenses incurred in sitting for the California Bar Examination. The appellate court concluded that because an IRS attorney performs significantly different tasks and activities than an attorney in private practice, the taxpayer qualified for a new trade or business by successfully completing requirements for membership in the state bar, and, therefore, he was not entitled to deduct

these expenses. This same principle has been applied in a number of other cases in which a taxpayer sought to deduct the expense of a course of study that arguably improved his job performance but also qualified him for a new trade. *E. g., Melnick v. United States,* 521 F.2d 1065 (9th Cir. 1975), *aff'g* 73–2 U.S. Tax Cas. (CCH) ¶ 9521 (C.D. Cal.1973); *Brown v. Commissioner,* 73 Tax Ct.Rep. (CCH) (1980) [Dec.No. 36,733]; *Grover v. Commissioner,* 68 Tax Ct.Rep. (CCH) (1977) [Dec.No. 34,527; *Glen v. Commissioner,* 62 Tax Ct.Rep. (CCH) 270 (1974) [Dec.No. 32,613]; *Horodysky v. Commissioner,* 54 Tax Ct.Rep. (CCH) 490 (1970); *Johnston v. Commissioner,* 37 Tax Ct.Mem. Dec. (CCH) 1112 (1978); *McDermott v. Commissioner,* 36 Tax Ct.Mem.Dec. (CCH) 144 (1977); *Gates v. Commissioner,* 36 Tax Ct.Mem.Dec. 970 (1977); *Josephs v. Commissioner,* 1979 T.C.M. 371 [Dec.No. 36,-310(M)]. Viewed from this perspective, the appellants' argument that these expenses are deductible is not persuasive. Before acquiring a juris doctor degree, Joseph Vetrick was not qualified to practice in either the Ohio or Florida state courts. By completing these requirements, he not only qualified to sit for the bar of any state requiring a law degree for admission but also became eligible for a position with the IRS as a tax examiner. The appellants insist that these courses merely improved his skills as a practicing attorney, but none of the cases they cite command a result contrary to that reached by the tax court. We conclude that the completion of these courses enabled Joseph Vetrick to perform substantially different tasks and therefore qualified him for a new trade or business. Only if the tax court erred in considering events subsequent to the tax year in question, then, can its decision be overturned.

■ The appellants contend that the tax court should have limited its review to the events of 1972. By focusing exclusively on the year for which the deduction is claimed, the appellants argue, it becomes apparent that these law school courses did not significantly alter the nature or scope of Joseph Vetrick's practice. In support of this argument the appellants point out that under the Internal Revenue Code each year stands as a discrete unit for measuring a taxpayer's liability. While we may not dispute this fact, we do not agree that in applying this objective standard the tax court may not consider the full consequences of the course of study begun by the taxpayer during the tax year in question. The courses in which Joseph Vetrick enrolled in 1972 constitute a necessary step towards completing the requirements for a juris doctor degree. In assessing the tax consequences of educational expenditures, courts have routinely considered the full sequence of events affecting the taxpayer's occupational status. We conclude that the tax court properly considered the consequences of this course of study, of which the 1972 courses were an integral part.

For the foregoing reasons we AFFIRM the decision of the tax court.