ROBERT L. DUECASTER and ANITA R. DUECASTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Duecaster v. Commissioner
Docket No. 5552-89
United States Tax Court
T.C. Memo 1990-518; 1990 Tax Ct. Memo LEXIS 571; 60 T.C.M. (CCH) 917; T.C.M. (RIA) 90518; September 27, 1990, Filed *571 Decision will be entered for the respondent. Robert L. Duecaster and Anita R. Duecaster, pro se. Paul J. Krazeise, Jr., for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Additions to Tax I.R.C. Secs. [1]
Year
Deficiency
6653(a)(1)
6653(a)(1)(A)
6653(a)(2)
6653(a)(1)(B)
1985
$ 693.00
$ 34.65
--
*
--
1986
669.00
--
$ 33.45
--
*
1987
330.00
--
16.50
--
*
The issues for decision are whether petitioner Robert L. Duecaster's *574 law school expenses incurred during 1980 through 1982 can be amortized as start-up expenditures under section 195, and, if not, whether petitioners are liable for the additions to tax under section 6653(a). This case was submitted under Rule 122, and the stipulation of facts and attached exhibits are incorporated herein by reference. At the time of the filing of their petition, petitioners resided in Fort Knox, Kentucky. Petitioners filed joint Federal income tax returns for the years 1985, 1986, and 1987. Unless otherwise specified, all references to petitioner are to Robert L. Duecaster. Prior to enrolling in law school in 1980, petitioner was a high school teacher. Petitioner enrolled in law school specifically for the purpose of starting a new trade, the practice of law. Petitioner commenced the practice of law in September 1982 and has continuously been practicing law since that time. For the taxable years 1985, 1986, and 1987, asserting eligibility under section 195 as start-up expenses, petitioner amortized his law school expenses, incurred during the period April 10, 1980, through September 16, 1982, in the amounts of $ 2,904, $ 2,904, and $ 2,178, respectively. *575 [2]
Petitioner contends that he has satisfied the requirements of section 195, [3] *577 namely: (1) the expenditures were incurred in connection with creating, or investigating the creation of, a trade or business and (2) the expenditures would have been allowable as a deduction for the taxable year in which they were paid if they had been paid in connection with the operation of an existing trade or business in the same field as that which petitioner subsequently entered, namely the practice of law. Respondent does not dispute petitioner's contention that he has satisfied the first requirement. Respondent's position is that petitioner has not satisfied the second requirement because the expenditures were for the purpose of acquiring the usual law degree [4] which is a condition for admission to the bar and because such expenditures are not covered by section 195 since they could not, under any circumstances, *576 constitute allowable deductions. The starting point of our analysis is Sharon v. Commissioner, 66 T.C. 515 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1979). That case involved in part the right of the taxpayer to amortize his expenditures for his education and admission to the bar in order to practice law first in New York and later in California. In denying the taxpayer the right to amortize [5] the New York expenditures, which included costs of obtaining a law degree and a bar review course, this Court stated: There is no merit in the petitioner's claim to an amortization deduction for the cost of his education and related expenses in qualifying himself for the legal profession. His college and law school expenses provided him with a general education *578 which will be beneficial to him in a wide variety of ways. See James A. Carroll, 51 T.C. 213, 216 (1968). The costs and responsibility for obtaining such education are personal. Section 1.262-1(b)(9) of the Income Tax Regulations provides that expenditures for education are deductible only if they qualify under section 162 and section 1.162-5 of the regulations. In the words of section 1.162-5(b), all costs of "minimum educational requirements for qualification in * * * employment" are "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures." There is no "rational" or workable basis for any allocation of this inseparable aggregate between the nondeductible personal component and a deductible component of the total expense. Fausner v. Commissioner, 413 U.S. 838, 839 (1973). Such expenses are not made any less personal or any more separable from the aggregate by attempting to capitalize them for amortization purposes. David N. Bodley, 56 T.C. 1357, 1362 (1971); Nathaniel A. Denman, 48 T.C. 439, 446 (1967); Huene v. United States, 247 F.Supp. 564, 570 (S.D.N.Y. 1965). *579 Since the inseparable aggregate includes personal expenditures, the preeminence of section 262 over section 167 precludes any amortization deduction. Cf. Commissioner v. Idaho Power Co., 418 U.S. at 17; Bodzin v. Commissioner, 509 F.2d at 681. The same reasoning applies to the costs of review courses and related expenses taken to qualify for the practice of a profession. William D. Glenn, 62 T.C. 270, 274-276 (1974). [66 T.C. at 525-526.] See also Bodley v. Commissioner, 56 T.C. 1357, 1362 (1971); Denman v. Commissioner, 48 T.C. 439 (1967). In Sharon, we further held that the taxpayer was not entitled to amortize the expenditure for a bar review course taken in the process of preparing for the California bar examination, even though the expenditure had been incurred *580 after the taxpayer was licensed to practice law in New York. In this connection, we stated: Nor may the petitioner treat the payment for the California bar review course as a part of the costs of acquiring his license to practice in California. Educational expenses which are incurred to meet the minimum educational requirements for qualification in a taxpayer's trade or business or which qualify him for a new trade or business are "personal expenditures or constitute an inseparable aggregate of personal and capital expenditures." Sec. 1.162-5(b), Income Tax Regs. We find that the bar review course helped to qualify the petitioner for a new trade or business so that its costs are personal expenses. [66 T.C. at 528.] The question before us is to what extent, if any, did the enactment of section 195 change the foregoing principles. Section 195 was enacted as section 102(a) of the Miscellaneous Revenue Act of 1980, Pub. L. 96-605, 94 Stat. 3522, and was amended by section 94(a) of the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 614. Under section 195(c)(1)(B), in order for an expenditure to qualify, it must be one that would *581 have been allowable as a deduction if the taxpayer had been engaged in that trade or business when it was paid or incurred. The legislative history confirms the thrust of this language in stating: Startup expenditures eligible for amortization do not include any amount with respect to which a deduction would not be allowable to an existing trade or business for the taxable year in which the expenditure was paid or incurred. * * * [S. Rept. 96-1036, at 12 (1980).] Nothing in the statute or the legislative history suggests that section 195 was intended to create a deduction, by way of amortization, in respect of an item which would not, in any event, have been deductible under prior law. In this context, the role of section 195 is comparable to that of section 212 (formerly section 23(a)(2) of the Internal Revenue Code of 1939). It has long been established that the latter section creates no deduction for an expenditure that would not have been deductible under section 162, if the taxpayer had been engaged in a trade or business, e.g. United States v. Gilmore, 372 U.S. 39, 46 (1963). See also Hardy v. Commissioner, 93 T.C. 684, 691 (1989), *582 on appeal (10th Cir., April 20, 1990). Petitioner argues that, under section 195(c)(1)(B) (see n. 3, supra): (1) we are required to assume that he was a practicing attorney at the time he incurred the expenditures; (2) such expenditures cannot be considered as meeting the minimum education requirements for an attorney or as qualifying him in a new trade or business because he was already an attorney; and (3) therefore the expenditures could only have been to maintain or improve his skills and to expand his practice. Petitioner's syllogism proves too much. He would have us perform a double conversion, first by converting him into a lawyer before he was admitted to the bar and then by converting a nondeductible personal expenditure into a business expense deduction. This we are not prepared to do. Leaving aside the fact that we would have difficulty assuming that petitioner was practicing law without a license, we are satisfied that the statutory language in question at most requires that we assume only that petitioner was engaged in a trade or business involving some law-related activity. It does not follow from such assumption that the expenditures should not continue to *583 be viewed as personal expenditures for education and therefore not deductible under section 262. See sec. 1.262-1(b)(9), Income Tax Regs.
The decided cases are clear that the fact that a taxpayer engages in a law-related activity prior to his admission to the bar is not sufficient to justify the conclusion that expenditures for education leading to such admission are deductible because they maintain or improve skills required in an existing trade or business under section 162 and section 1.162-5(a)(1), Income Tax Regs. See also Vetrick v. Commissioner, 628 F.2d 885 (5th Cir. 1980), affg. a Memorandum Opinion of this Court; Grover v. Commissioner, 68 T.C. 598 (1977); Sharon v. Commissioner, supra; Bodley v. Commissioner, supra; Denman v. Commissioner, supra. Petitioner's reliance on Ruehmann v. Commissioner, T.C. Memo. 1971-157, is totally misplaced. In that case, which actually supports respondent's position, we allowed a deduction for expenditures to obtain an LL.M. degree made after the taxpayer was admitted to the *584 bar and after a period of active practice but disallowed expenditures made to obtain his LL.B. degree, even though those expenditures were made after the taxpayer had been admitted to the bar and was working for a law firm. We hold that respondent's disallowance of the amortization deductions under section 195 in respect of petitioner's expenditures for his legal education should be sustained. Respondent determined additions to tax under section 6653(a)(1) and (2) and section 6653(a)(1)(A) and (B). Sections 6653(a)(1) and 6653(a)(1)(A) impose an addition to tax if any part of any underpayment is due to negligence or intentional disregard of rules or regulations, and sections 6653(a)(2) and 6653(a)(1)(B) impose a further addition of 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under circumstances, and the burden of proof is on the petitioners. Birth v. Commissioner, 92 T.C. 769, 770 (1989). Based upon petitioner's education and qualifications as an attorney, the well-established *585 law prohibiting the deductibility of educational expenses in obtaining a juris doctor degree, and the legislative history of section 195, we find that petitioner's conduct was negligent. We therefore sustain respondent's imposition of these additions to tax. To reflect the decision of the Court, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code as amended and in effect for the years in issue, and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment attributable to negligence or intentional disregard of rules or regulations.↩
2. Petitioner had amortized $ 726 in 1982, $ 2,904 in 1983, and $ 2,904 in 1984. His total expenditures were $ 14,520.↩
3. This section, in pertinent part, provides: (a) Capitalization of Expenditures. -- Except as otherwise provided in this section, no deduction shall be allowed for start-up expenditures. (b) Election to Amortize. -- (1) In general. -- Start-up expenditures may, at the election of the taxpayer, be treated as deferred expenses. Such expenses shall be allowed as a deduction prorated equally over such period of not less than 60 months as may be selected by the taxpayer (beginning with the month in which the active trade or business begins). * * * (c) Definitions. -- For purposes of this section -- (1) Start-up Expenditures. -- The term "start-up expenditure" means any amount -- (A) paid or incurred in connection with -- (i) investigating the creation or acquisition of an active trade or business, or (ii) creating an active trade or business, or (iii) any activity engaged in for profit and for the production of income before the day on which the active trade or business begins, in anticipation of such activity becoming an active trade or business, and (B) which, if paid or incurred in connection with the operation of an existing active trade or business (in the same field as the trade or business referred to in subparagraph (A)), would be allowable as a deduction for the taxable year in which paid or incurred. The term "start-up expenditure" does not include any amount with respect to which a deduction is allowable under section 163(a), 164, or 174. * * * (d) Election. -- (1) Time for making election. -- An election under subsection (b) shall be made not later than the time prescribed by law for filing the return for the taxable year in which the trade or business begins (including extensions thereof). (2) Scope of election. -- The period selected under subsection (b) shall be adhered to in computing taxable income for the taxable year for which the election is made and all subsequent taxable years.↩
4. The record is silent as to the degree petitioner received or when and where he was admitted to the bar, but it is clear from the argument of the parties and other evidence of record that he received either an LL.B. or J.D. degree in 1982 and was licensed to practice law just prior to the commencement of such practice in September 1982.↩
5. The claimed period of amortization was from the date of the taxpayer's admission to the bar and age 65 when he expected to retire.↩