TED DIERKER AND CHRISTINA DIERKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dierker v. Commissioner
Docket No. 5450-92
United States Tax Court
T.C. Memo 1994-422; 1994 Tax Ct. Memo LEXIS 430; 68 T.C.M. (CCH) 535; August 23, 1994, Filed *430 Decision will be entered under Rule 155. For petitioners: John M. Sherwood. For respondent: James P. Thurston. PARR
PARR
MEMORANDUM FINDINGS OF FACT AND OPINION PARR, Judge: Respondent determined deficiencies in petitioners' Federal income tax for 1985, 1986, and 1987, of $ 1,134, $ 4,459, and $ 6,378, respectively. After stipulations and concessions, the sole issue for decision is whether petitioners are entitled to deduct educational expenses incurred during the years at issue. We hold that they are not so entitled. FINDINGS OF FACT The parties submitted this case partially stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in West Falmouth, Massachusetts. Petitioners are married and filed joint Federal income tax returns for all years at issue. References to petitioner in the singular are to Mr. Dierker. Petitioner works in the field of landscape architecture, [1] and has done so continuously since 1979. Petitioner worked abroad until 1983, and has since worked in Massachusetts, New Hampshire, Vermont, Pennsylvania, and California. Of these states, only *431 Massachusetts requires registration of landscape architects. Petitioner is not a registered landscape architect in Massachusetts. In Massachusetts, unregistered persons cannot represent themselves to be landscape architects or use the title "landscape architect" *432 on any sign, card, or other device. Mass. Ann. Laws ch 112, sec. 99 (Law. Co-op. 1991). Only registered landscape architects may use an authorized seal, an impression of which is stamped on all plans and specifications prepared by, or under the supervision of, a registered landscape architect. Mass. Ann. Laws ch. 112, sec. 100 (Law. Co-op. 1991). Registration of landscape architects is overseen by the Board of Registration of Landscape Architects, established by Mass. Ann. Laws ch. 13, sec. 67 (Law. Co-op. 1991). Except where reciprocity is granted, each individual seeking to be registered as a landscape architect must prove his or her competency by written examination. Mass. Ann. Laws ch. 112, sec. 102 (Law. Co-op. 1991). In order to take this examination, an individual must, inter alia, meet the requirements of Mass. Ann. Laws ch. 112, sec. 101(c) (Law. Co-op. 1991), as follows. Sec. 101. Qualifications for Examination of Applicant for Registration, etc. Before being examined for registration as a landscape architect, each applicant shall submit evidence to the board that: * * * (c) he has completed the course of study and been graduated from a college or school *433 of landscape architecture approved by the board and that he has had two years of practical experience in landscape architectural work of a grade and character satisfactory to the board. In lieu of graduation from an approved college or school of landscape architecture, and the practical experience in addition thereto, an applicant may take the examination upon presenting evidence of at least six years of practical experience in landscape architectural work of a grade and character satisfactory to the board. Credit may be given for approved college education at the discretion of the board.
Petitioner attended Harvard University Graduate School of Design from September 1983 until June 1986, and received a Master in Landscape Architecture on June 11, 1986. Prior to this graduate work, petitioner graduated from Bowdoin College with a Bachelor of Arts degree in English, took exchange courses at the Massachusetts Institute of Technology Architectural School (M.I.T.), and attended the Boston Architectural Center for 1 year. At each school he attended prior to studying at Harvard, petitioner took courses pertaining to landscape architecture. After graduating from Harvard, petitioner *434 qualified for and twice took the examination to become a registered landscape architect in Massachusetts. Twice he failed to earn a passing grade. Petitioner subsequently decided that he need not be registered as a landscape architect, and has not attempted to take the examination since. Petitioner incurred expenses in 1985, 1986, and 1987, in connection with his studies at Harvard, in the respective amounts of $ 10,125.63, $ 9,979.50, and $ 1,855.07. On December 18, 1991, respondent issued a statutory notice of deficiency to petitioners. In the notice, respondent asserted deficiencies in petitioners' 1985, 1986, and 1987 Federal income tax resulting from the inclusion of income and the disallowance of deductions. In the pleadings, petitioners raised, and respondent ineffectively refuted, the affirmative defense that the period of limitations had expired for all years at issue prior to the mailing of the statutory notice of deficiency. In a telephonic conference call between the Court and the parties on August 9, 1994, the parties agreed that they had examined the files together and that they were both satisfied that there is no statute of limitations issue. Therefore, we *435 treat this issue as conceded by petitioners. OPINION Respondent asserts that petitioner's educational expenses led to petitioner's qualifying for a new trade or business. Thus, she argues, these expenses are nondeductible, pursuant to section 1.162-5(b)(3)(i), Income Tax Regs. Petitioner counters that his course work at Harvard did not qualify him for a new trade or business. First, he argues that he was qualified as a registered landscape architect prior to his studies at Harvard. Alternatively, he argues that the work of a registered landscape architect is not different from that of an unregistered landscape architect. Expenditures for education are deductible if the education maintains or improves skills required in the individual's employment. Sec. 1.162-5(a), Income Tax Regs. However, even if these qualifications are met, education expenses are not deductible if they lead to qualifying the individual for a new trade or business. Johnson v. Commissioner, 77 T.C. 876, 878 (1981)., sec. 1.162-5(b)(3), Income Tax Regs. It is well established that we must employ objective standards in applying section 1.162-5(b)(3), Income Tax Regs.Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971); *436 Weiler v. Commissioner, 54 T.C. 398 (1970). The only inquiry to be made is whether or not the education qualifies the taxpayer for a new trade or business; it is irrelevant whether or not the taxpayer subjectively intends to pursue the new trade or business. Roussel v. Commissioner, T.C. Memo. 1979-125. In evaluating whether the "new trade or business" exception applies, this Court uses a common sense approach. We compare the types of tasks and activities the taxpayer was qualified to perform before he acquired the education at issue and those he is qualified to perform afterwards. Davis v. Commissioner, 65 T.C. 1014, 1019 (1976); Glenn v. Commissioner, 62 T.C. 270, 275 (1974). In applying the test, we have found different trades or businesses within the same general field. See Reisinger v. Commissioner, 71 T.C. 568 (1979) (physician's assistant different from licensed practical nurse); Glenn v. Commissioner, supra (certified public accountant different from licensed public accountant); *437 Radin v. Commissioner, T.C. Memo. 1987-348 (actuarial analyst different from enrolled actuary); Vetrick v. Commissioner, T.C. Memo. 1978-83, affd. 628 F.2d 885 (5th Cir. 1980) (qualifying to practice law without a degree different from obtaining law degree); Antzoulatos v. Commissioner, T.C. Memo. 1975-327 (registered pharmacist different from intern pharmacist). Petitioner bears the burden of proving that the education in question did not qualify him for a new trade or business. Rule 142(a); [2]Welch v. Helvering, 290 U.S. 111 (1933); Cangelosi v. Commissioner, T.C. Memo. 1977-264. With respect to their first argument, that petitioner *438 qualified to be a registered landscape architect prior to his studies at Harvard, petitioners have failed to carry their burden. Because he did not graduate from a college or school of landscape architecture, petitioner did not satisfy the basic statutory requirement needed to take the examination. Petitioner testified that he believed that his course work at Bowdoin, M.I.T., and the Boston Architectural Center would nonetheless have qualified him to take the examination. However, petitioner proffered no evidence, other than his personal belief, to support this assertion. Thus, we conclude that petitioner's studies at Harvard qualified him to become a registered landscape architect, whereas, prior to this education, he was not so qualified. Petitioners' second argument, that the work of a registered landscape architect is not different than that of an unregistered landscape architect, must also fail. In Massachusetts, only a registered landscape architect can use the title of "landscape architect", represent himself to the public as such, and affix an official seal to plans or designs that he creates. Further, petitioner testified that many State or municipal projects that *439 require a landscape architect are restricted to registered landscape architects. Based on these facts, we are convinced that the work of a registered landscape architect entails different tasks and activities than that of an unregistered landscape architect. Therefore, petitioner's coursework at Harvard led to his qualifying for a new trade or business, even though he never in fact became a registered landscape architect. Accordingly, pursuant to section 1.162-5(b)(3), Income Tax Regs., we hold that petitioners are not entitled to deduct the educational expenses incurred during the years at issue. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Landscape architecture, as defined by Mass. Ann. Laws ch. 112, sec. 98↩ (Law. Co-op. 1991), is "the performance of professional services, such as consultations, investigation, reconnaissance, research, planning, design, or responsible supervision, in connection with the development of land and incidental water areas where and to the extent that the dominant purpose of such services is the preservation, enhancement, or determination of proper land uses, natural land features, naturalistic and aesthetic values, the settings and approaches to buildings, structures, facilities or other improvements, and natural drainage and the consideration, determination and solution of inherent problems of the land relating to erosion, wear and tear, blight or other hazards."
2. All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years at issue, unless otherwise indicated.↩