BRADLEY LEE AND JOY A. SHERMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sherman v. Commissioner
Docket No. 10803-86.
United States Tax Court
T.C. Memo 1989-269; 1989 Tax Ct. Memo LEXIS 269; 57 T.C.M. (CCH) 599; T.C.M. (RIA) 89269; June 7, 1989. *269 On the facts,held, (1) P's writing activity was not carried on with an actual and honest objective of making a profit. Dreicer v. Commissioner,78 T.C. 642, 646 (1982), affd, without opinion 702 F.2d 1205 (D.C. Cir. 1983); (2) Ps are not entitled to a dependency exemption deduction under I.R.C. sections 151 and 152(a); (3) Ps are not liable for the addition to tax for negligence under I.R.C. sections 6653(a)(1) and (2); and (4) Ps are liable for the late filing addition under I.R.C. section 6651(a)(1). Bradley Lee Sherman, pro se. Andrew Ouslander, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined the following deficiency in income tax and additions to tax for the taxable year 1983: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
$ 1,463.00
$ 8.50
$ 244.20
50 percent of
interest on part
of underpayment due
to negligence
(Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year 1983. All Rule references are to the Tax Court Rules of Practice and Procedure.) Concessions having been made, the issues remaining for decision are (1) whether petitioners may deduct miscellaneous business expenses, including a home office expense under section 280A, that petitioner Bradley L. Sherman incurred as a writer; (2) whether petitioners may claim an exemption for supporting Bradley L. Sherman's mother; and (3) whether petitioners are liable for the delinquency and negligence additions to tax under sections *273 6651(a)(1) and 6653(a)(1) and (2), respectively. FINDINGS OF FACT Petitioners Bradley L. Sherman and Joy A. Sherman filed their joint return as husband and wife for the taxable year 1983 on April 26, 1984. Petitioners resided in Staten Island, New York, when they filed their petition with the Court. Hereinafter, for convenience, we will refer to Bradley L. Sherman as petitioner. During 1983, the taxable year at issue, petitioner worked a minimum of 35 hours per week as a case worker for the Human Resources Administration in New York City. Petitioner was frequently able to work overtime during the year. Petitioner's primary activity outside of his full-time job was writing. Petitioner began writing in 1967 and he steadily honed his skills as a writer during the ensuing 17 years. In 1983 he wrote in an office that he set up in a room of his home. Petitioner wrote a fiction piece titled "The Glass Mask," which he submitted to the Massachusetts Review, a quarterly review of literature, the arts and public affairs. The Massachusetts Review chose not to publish "The Glass Mask." Petitioner never published any of his pieces. Outside of "bartering" a biography of his mother *274 to his mother for $ 700, petitioner never sold a manuscript. In 1983, petitioner's mother, Editta Sherman (Editta), was a 76-year-old widow who photographed celebrities and lived in an apartment in Carnegie Hall. During 1983 she earned less than $ 1,000. This income came from sporadic sales of "celebrity" photographs. Editta received monthly social security benefits of $ 240 which totaled $ 2,880 in 1983. Petitioner, together with his brother and sister, supplemented Editta's income in 1983 by giving her approximately $ 3,000 in cash and by paying her rent. Each sibling paid one-third of Editta's rent. Petitioner and his brother and sister were their mother's primary source of support in 1983. On their 1983 return, petitioners claimed a business loss from petitioner's writing activities and a dependency exemption for Editta. In the statutory notice of deficiency, respondent disallowed both. OPINION Petitioners contend that petitioner was engaged in the activity of writing for profit and that petitioners are entitled to a dependency exemption for petitioner's mother. Respondent contends under section 183 that petitioner was not engaged in the activity of writing for profit *275 and that petitioners are not entitled to a dependency exemption under sections 151 and 152. We agree with respondent on both issues. Writing for Profit under Section 183
Petitioners bear the burden of proving by a preponderance of the evidence that petitioner was engaged in writing for profit. Rule 142(a). They have failed to sustain their burden. Section 183(a) provides that if an "activity is not engaged in for profit, no deduction attributable to such activity shall be allowed." Section 183(c) defines "activity not engaged in for profit" to mean "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212." Section 162 generally permits the deduction of expenses incurred in a trade or business and paragraphs (1) and (2) of section 212 generally permit a similar deduction for expenses incurred "for the production or collection of income" or "for the management, conservation, or maintenance of property held for the production of income." Petitioner asserts that the requisite profit motive is self-evident from his 17 years of writing, his home office, his piece "The Glass *276 Mask," and his attempt at publication in the Massachusetts Review. We do not agree. Petitioner testified that respondent's counsel challenged him in a pre-trial conference on whether he was engaged in writing for profit, which petitioner "thought was somewhat of an insult" because as he added "it seems to me to be a [foregone] conclusion that anyone who writes is engaged in it for profit." The objective facts in this case do not confirm the accuracy of petitioner's premise. For the expenses at issue to be allowed as a deduction, petitioner must establish that the activity was engaged in for profit. Whether an activity is engaged in for profit turns on whether petitioner carried on his activity with an actual and honest objective of making a profit. Dreicer v. Commissioner,78 T.C. 642, 646 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1982). The regulations list nine factors as an aid in making the profit objective determination under section 183. Section 1.183-2(b), Income Tax Regs.
We need not examine the nine factors in specific detail in this case to reach the conclusion, based upon the evidence before us, that petitioner *277 lacked the requisite profit objective. Over a 17-year period, he failed to publish a single manuscript, and over that same time submitted only one for publication, and it was rejected. The only income from this activity over the entire period was $ 700 received by petitioner in 1983 from his mother, Editta, for a biography of her which he wrote. The record does not indicate that the biography was ever published. The record likewise does not show that petitioner ever systematically attempted to sell any of his work. On this record we are forced to conclude that petitioner's writing activity was engaged in by him essentially for personal pleasure and recreation and that his activity does not meet the profit objective test above recited. We hold for respondent on this issue. Because we find that petitioner did not write for profit, we do not reach the issue of whether petitioners are entitled to a home office deduction under section 280A. We note, however, that respondent concedes that petitioners are entitled to a $ 700 deduction under section 183(b)(2) because petitioner generated $ 700 of income from his writing activity by bartering a biography to his mother. Deduction *278 for Dependent Exemption under Section 151
For the year 1983, section 151(e)(1) allowed a taxpayer to claim a $ 1,000 exemption for each of his dependents as defined in section 152. A taxpayer could claim a $ 1,000 exemption for his mother as a dependent if two requirements were met: (1) his mother's gross income was less than $ 1,000; and (2) he provided over one-half of her support. Sections 151(e)(1)(A) and 152(a). Petitioners bear the burden of proving that both of these requirements have been met. Blanco v. Commissioner,56 T.C. 512, 514-515 (1971); Stafford v. Commissioner,46 T.C. 515, 517 (1966); Vance v. Commissioner,36 T.C. 547, 549-551 (1961). Respondent asserts that petitioners have failed to establish that both requirements have been met. First, we must determine whether petitioner's mother, Editta, had less than $ 1,000 of gross income as required by section 151(e)(1)(A). Editta testified that she received $ 240 per month in social security benefits or $ 2,880 in 1983. Social security payments are not included in gross income for purposes of the maximum income allowable under section 151(e)(1)(A). Finley v. Commissioner,T.C. Memo. 1978-421. *279 However, the social security payments must be taken into account in determining whether an individual claiming a dependency exemption deduction under section 152(a) provided more than one-half of the putative dependent's support. Section 1.152-1(a)(2)(ii), Income Tax Regs.; see Black v. Commissioner,T.C. Memo. 1972-135. We have found that Editta received less than $ 1,000 from sales of her celebrity photographs. Except for whatever amount these sales produced, it is apparent that Editta was completely dependent upon her children and social security for support. Petitioner testified that his mother "started hitting -- you know calling me up for some money. And I couldn't deny her." Since we have found that petitioner's mother had less than $ 1,000 of gross income in 1983 (the $ 2,880 in social security payments being excluded for this purpose), the first requirement of the two-pronged support test has been met. Next we must determine whether petitioner provided over one-half of his mother's support in 1983. Section 152(a). Petitioners bear the burden of proving that petitioner provided over one-half of Editta's support. Rule 142(a). Petitioners have failed *280 to carry this burden. Petitioner testified that he gave his mother $ 3,000 in cash in 1983. Even if we were to accept without documentation this $ 3,000 figure, petitioners have not shown the total amount required for Editta's total support in 1983. Therefore, we cannot determine whether $ 3,000 would exceed one-half of the necessary amount. Furthermore, as noted above, the $ 2,880 in social security payments which Editta received in 1983 must be taken into account in making the one-half of support determination under section 152(a). Editta was unable to recall even approximately what amount was required for her support. She could not confirm that petitioner had given her $ 3,000. She did state that petitioner, his brother and sister each paid one-third of her rent. However, petitioner's assistance with Editta's rent is inconclusive as to whether petitioner provided over one-half of Editta's support. In addition, we note that section 152(c) provides that in specific instances where multiple taxpayers support one dependent, those taxpayers may agree as to which supporting taxpayer may claim a dependency exemption for the dependent. Section 152(c)(4) requires a written declaration *281 from the taxpayers providing support, other than the one claiming the deduction, that they will not claim the supported individual as a dependent. Section 1.152-3(c), Income Tax Regs., provides that the written declaration may be made on Form 2120 or in a similar manner. Petitioners have not produced the required declarations. We sustain respondent's determination on this issue. Negligence Additions under Section 6653(a)
Respondent contends that petitioners are liable for the negligence additions under sections 6653(a)(1) and (2). For 1983, sections 6653(a)(1) and (2) provided: Sec. 6653 [1954 Code]. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES.-- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. *282 -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). We do not agree with respondent. The record satisfies us that there was at least colorable justification for the positions taken by petitioners on their return with regard to petitioner's writing activity and support of Editta. We therefore hold for petitioners on this issue. Late Filing Addition under Section 6651(a)(1)
Petitioners filed their return on April 26, 1984. Their return was due April 15, 1984, and was thus 11 days late. Section 6651(a)(1) provides in part that a return must be filed "on the date prescribed therefor * * * unless it is shown that such failure is due to *283 reasonable cause and not due to willful neglect * * *." Petitioners have failed to offer a reasonable cause for their delay. We hold for respondent on this issue. To reflect the foregoing, Decision will be entered under Rule 155.