JAY S. GOLDENBERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldenberg v. Commissioner
Docket No. 10455-91
United States Tax Court
T.C. Memo 1993-150; 1993 Tax Ct. Memo LEXIS 157; 65 T.C.M. (CCH) 2338; April 7, 1993, Filed *157 Decision will be entered for respondent for the deficiency in tax and additions to tax for 1987 and for the deficiency in tax for 1988, and for petitioner for the addition to tax for 1988. Jay S. Goldenberg, pro se. For respondent: Janice D. Newell. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(1)
1987
$ 1,148
$ 57
50% of the
--
interest due
on $ 1,148
1988
1,298  --
--  $ 65
Petitioner conceded the deficiency in tax for 1987, leaving for decision: (1) Whether petitioner is entitled to a deduction under section *158 162(a) for expenses of $ 9,003 paid and incurred during 1988 in connection with petitioner's pursuit of the degree of master of laws in taxation (the LL.M. degree), and (2) whether, for 1987 and 1988, petitioner is liable for the additions to tax. Other adjustments in the notice of deficiency are computational and will be resolved by the contested issues. Some of the facts were stipulated and are found accordingly. The stipulation and attached exhibits are incorporated herein by reference. Petitioner was a resident of Laguna Niguel, California, at the time his petition was filed. Petitioner graduated from the University of Arizona in 1976 with a bachelor of science degree in business administration with a major in accounting. After working in the accounting department of a bank for a year, petitioner began employment with the Internal Revenue Service (IRS) as a revenue agent in January 1978. While employed by the IRS, petitioner passed the Arizona Certified Public Accountant (C.P.A.) examination in May 1982. Petitioner was with the IRS until January 1983, when he resigned to begin employment with a C.P.A. firm in Phoenix, Arizona. He worked a few months with that firm, then *159 worked for another C.P.A. firm at Phoenix until June 1984. From 1977 to 1984, petitioner completed four graduate accounting courses in taxation at Arizona State University. In August 1984, petitioner enrolled in night classes at Southwestern University Law School at Los Angeles, California (Southwestern). At about the same time, petitioner was re-employed by the IRS as a revenue agent at Los Angeles. In 1986, petitioner was promoted to appeals officer with the IRS. He continued in this position until he resigned in August 1988. Meanwhile, petitioner received his juris doctor (J.D.) degree in law from Southwestern in December 1987, passed the California bar examination in February 1988, and was admitted to the California bar in July 1988. Petitioner completed six Federal tax law courses in the J.D. program at Southwestern. Petitioner resigned from the IRS in August 1988. He then enrolled in the graduate tax program at the University of Florida College of Law at Gainesville, Florida, on a full-time basis to pursue the LL.M. degree. In May 1989, petitioner was awarded the master of laws in taxation degree and joined a law firm at Albuquerque, New Mexico, as an associate. He *160 practiced law at this firm for 2 years. Petitioner was admitted to the New Mexico bar in October 1989 and passed the Arizona bar examination sometime in 1988 or 1989. Subsequently, in March 1991, petitioner again began working for the IRS as a revenue agent in Los Angeles, California, and held that position at the time of trial. Petitioner deducted on his 1987 income tax return the costs associated with the tax law courses he completed while pursuing his J.D. degree. In the notice of deficiency, respondent disallowed the deduction which petitioner, at trial, conceded. Petitioner, on his 1988 tax return, claimed a deduction for the costs of attending the University of Florida College of Law to obtain the LL.M. degree, which was also disallowed by respondent. That issue has not been conceded by petitioner. Respondent agrees petitioner incurred and paid the $ 9,003 claimed by him. The determinations by respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Deductions are strictly a matter of legislative *161 grace with the taxpayer bearing the burden of proving entitlement to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Section 162(a) provides that, "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". Generally, expenses for education are deductible as ordinary and necessary business expenses only if the education: (1) Maintains or improves skills required by the individual in his employment or other trade or business, or (2) Meets the express requirements of the individual's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the individual of an established employment relationship, status, or rate of compensation.
Sec. 1.162-5(a), Income Tax Regs.
Certain educational expenses are classified as personal and nondeductible if they are attributable to education which either meets the minimum educational requirements for qualification in a taxpayer's employment, trade, or business or qualifies the taxpayer for a new trade or business. Sec. 1.162-5(b)(2) *162 and (3), Income Tax Regs.[2]
Since section 162 is the basis for the educational expense deduction, the threshold question is whether petitioner was actually "carrying on" a trade or business during 1988. Respondent contends petitioner was not engaged in a trade or business. In order for an expenditure to be deductible as a business expense, the expenditure must relate to activities which amount to the present "carrying on" of an existing business. Koons v. Commissioner, 35 T.C. 1092, 1100 (1961). To constitute maintenance or improvement of business skills, a taxpayer must be carrying on the trade or business at the time the educational expenses are incurred. Jungreis v. Commissioner, 55 T.C. 581 (1970). Thus, in order for petitioner to meet his burden of proof, he must establish that the expenditures in question related to activities which amounted *163 to the present carrying on of a business. Reisinger v. Commissioner, 71 T.C. 568, 572 (1979); Koons v. Commissioner, supra.Petitioner does not dispute this proposition. Whether the taxpayer is engaged in a trade or business, and what is the nature of such trade or business, are questions of fact. Ford v. Commissioner, 56 T.C. 1300, 1307 (1971), affd. 487 F.2d 1025 (9th Cir. 1973); Corbett v. Commissioner, 55 T.C. 884, 887 (1971); Canter v. United States, 173 Ct. Cl. 723, 354 F.2d 352 (1965). "In assessing the tax consequences of educational expenditures, courts have routinely considered the full sequence of events affecting the taxpayer's occupational status." Vetrick v. Commissioner, 628 F.2d 885, 887 (5th Cir. 1980), affg. T.C. Memo. 1978-83. The deduction here relates to the expenses petitioner incurred in 1988 in pursuit of the LL.M. degree in tax law. The factual question is whether, during the time period petitioner *164 was pursuing his studies, he was engaged in the carrying on of a trade or business. Petitioner was not employed while he pursued his LL.M. degree, from August 1988 until May 1989. However, a taxpayer may be "carrying on" a trade or business even though unemployed at the time the expenditures are incurred if the taxpayer was previously involved in and intended to return to that trade or business. Haft v. Commissioner, 40 T.C. 2, 6 (1963). Petitioner first contends that he was previously involved in the practice of law prior to entering the LL.M. program. The first question, therefore, is whether petitioner was carrying on the trade or business of practicing law while engaged as a full-time student pursuing the LL.M. degree. At the time petitioner entered the LL.M. program, he was authorized to practice law in California; however, it is well established that being a member in good standing of a profession is not tantamount to "carrying on" that profession for purposes of section 162(a). Wassenaar v. Commissioner, 72 T.C. 1195 (1979). Petitioner's prior employment as a revenue agent and as a C.P.A. did not constitute *165 the practice of law. Cases which have addressed the educational expense deduction, usually in an analysis of whether or not a taxpayer has qualified for a new trade or business under section 1.162-5(b)(3), Income Tax Regs., point out that employment as a tax examiner, accountant, C.P.A., or revenue agent is different from the practice of law. O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. in an unpublished opinion 519 F.2d 1406 (7th Cir. 1975); Weiler v. Commissioner, 54 T.C. 398, 402 (1970). In Goldberg v. Commissioner, T.C. Memo. 1984-617, the Court acknowledged that "the practice of accountancy and the practice of law are two different professions." See sec. 1.162-5(b)(3), Example (1). Petitioner argues that the duties he performed as an appeals officer for the IRS were sufficient to qualify his activities prior to entering the LL.M. program as the practice of law. When petitioner became an appeals officer with the IRS in 1986, he had not completed the J.D. program, and it was not a condition of his employment that he possess a J.D. degree *166 or have passed a State bar examination. Although petitioner's trade or business as appeals officer may have involved skills associated with the practice of law, it is well settled that the exercise of law-related skills by nonlawyers constitutes a trade or business separate and distinct from the practice of law. O'Donnell v. Commissioner, supra; German v. Commissioner, T.C. Memo. 1993-59. Petitioner later received his J.D. degree in December 1987; however, there is no evidence that petitioner's duties as an appeals officer or his role within the IRS changed in any way at that time. In fact, petitioner testified that, before 1989, he never represented the IRS as an attorney nor held himself out to the public as an attorney. Petitioner's duties as an appeals officer were not strictly legal in nature; therefore, he was not engaged in the legal profession or engaged in the practice of law prior to or during his LL.M. studies. [3]
*167 Petitioner next argues that, if he was not engaged in the trade or business of practicing law, he was engaged in the trade or business of accounting. He acknowledges that, as such, the expenses incurred in earning the J.D. degree were not deductible because those expenses qualified him for a new trade or business. However, the parties agreed that petitioner's LL.M. education did not qualify him for a new trade or business. According to petitioner, if he did not enter into the practice of law before entering the LL.M. program but remained in the trade or business of accounting, the expenses incurred in pursuing the LL.M. degree are deductible because those expenses maintained and improved his skills in the tax work associated with his trade or business of accounting. Petitioner's argument must fail for the same reasons discussed previously. Assuming arguendo that the cost of graduate legal studies would be deductible by a nonlawyer, petitioner must establish that, at the time he incurred the expenses for the LL.M. degree, he was engaged in activities which amounted to the present carrying on of a trade or business, in this situation, as an accountant. The record of this case *168 does not support petitioner's argument that he was engaged in the trade or business of accounting while he pursued his studies for the LL.M. degree. Immediately before entering the LL.M. program, petitioner resigned his position with the IRS and, approximately 3 years later, took a different position with the IRS. Cases which have allowed a deduction for educational expenses while in school full time have established that a formal leave of absence is not essential to carrying on a trade or business while attending school, nor is it essential to return to the same position after completing the course of study undertaken. Furner v. Commissioner, 393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966). In Ford v. Commissioner, 56 T.C. 1300 (1971), this Court decided to follow the position of the Seventh Circuit in Furner v. Commissioner, supra.However, when a taxpayer leaves his trade or business for a period of study with no apparent continuing connection with either his former job or any clear indication of an intention to actively carry on the same trade *169 or business upon completion of study, the taxpayer is not "carrying on" his trade or business while in school. Canter v. United States, 173 Ct. Cl. 723, 354 F.2d 352 (1965); Corbett v. Commissioner, 55 T.C. 884 (1971); Sherman v. Commissioner, T.C. Memo. 1977-301. Here, there is no evidence to corroborate petitioner's self-serving testimony concerning his intention during 1988 to return to the field of "tax accounting". In fact, what petitioner did after graduation was take a position practicing law for 2 years and chose to be admitted to the New Mexico and Arizona bars. This was a different trade or business from that carried on by petitioner before his entry into graduate legal education. During the interim period in which the educational expenses were incurred, from August 1988 until May 1989, the Court concludes that petitioner was not engaged in the trade or business of accounting while he pursued his studies for the LL.M. degree. To determine petitioner's trade or business, the Court must look to what petitioner was actually doing as distinguished from what he might *170 have been doing with the talents and experience which he held or had previously acquired. Wyatt v. Commissioner, 56 T.C. 517 (1971); Owen v. Commissioner, 23 T.C. 377 (1954); Rossum v. Commissioner, T.C. Memo. 1985-593. In Sherman v. Commissioner, supra, cited by petitioner, this Court allowed deductions for expenses incurred by a business manager while attending Harvard Graduate Business School for 2 years, based upon a finding that the taxpayer "was engaged in business administration before he went to Harvard, and stayed in the field after his graduation." Unlike petitioner here, the taxpayer in Sherman v. Commissioner, supra, carried on the same trade or business before and after his educational "hiatus" and had no indefinite period in the interim while carrying on a different trade or business. Petitioner also cites Picknally v. Commissioner, T.C. Memo. 1977-321, in support of his position that he was engaged as a tax accountant during the LL.M. program, since he had the "intent" to resume work in that same field. The Court finds unpersuasive *171 petitioner's claimed intentions, since there is no evidence to corroborate petitioner's testimony as to the type of position he sought during his studies at the University of Florida College of Law. In addition, the facts of that case are distinguishable from petitioner's situation in that the only positions held by the taxpayer in Picknally v. Commissioner, supra, were in the same profession. Therefore, based upon the previous discussion, this Court holds that petitioner is not entitled to an educational expense deduction in 1988, since he was not "carrying on" any trade or business. Respondent also determined the additions to tax for negligence under section 6653(a)(1)(A) and (B) for 1987 and section 6653(a)(1) for 1988. Section 6653(a)(1), as applicable to taxable year 1987, provides that, if any part of an underpayment of income tax is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to the sum of (A) 5 percent of the underpayment, and (B) an amount equal to 50 percent of the interest payable under section 6601 with respect to that portion of such underpayment which is attributable to *172 negligence. For taxable year 1988, section 6653(a)(1) provides that, if any part of an underpayment is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The Commissioner's determination is presumptively correct and will be upheld unless the taxpayers are able to rebut the presumption by showing they used due care. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner, 58 T.C. 757 (1972); Reily v. Commissioner, 53 T.C. 8 (1969). In 1987, petitioner claimed a deduction for the tax law courses taken while attending Southwestern University School of Law which were a part of his J.D. program. Petitioner conceded this deduction at trial and recognized that the statute and a "litany of cases" disallowed such a deduction relating to education qualifying the taxpayer *173 for a new trade or business. Nevertheless, petitioner seeks to avoid imposition of the negligence penalty by arguing that the section 1.162-5(b)(3), Income Tax Regs., are an unreasonable interpretation of section 162. Regulations, which constitute an interpretation of revenue statutes by the agency charged with enforcing them, are not lightly overturned, and they must be sustained unless they are inconsistent with statutory law or are unreasonable. Commissioner v. South Texas Lumber Co., 333 U.S. 496, 501 (1948). Such regulations have been consistently approved and used by the courts in deciding whether educational expenses are deductible and have been held to be valid. Davis v. Commissioner, 65 T.C. 1014, 1017 (1976). Petitioner's arguments do not convince the Court otherwise. By the time petitioner prepared his 1987 tax return, he had taken six Federal tax law courses and was able to discern that the deduction he was claiming had been repeatedly disallowed by the Court. In addition, the cases petitioner cites in support of his position that a lesser standard of negligence should apply to his situation do not apply *174 as petitioner asserts. [4] In Sherman v. Commissioner, T.C. Memo. 1989-269, this Court found that "there was at least colorable justification for the positions taken by petitioners on their return". Unlike petitioner's claimed deduction in 1987, the issues in Sherman v. Commissioner, supra, were decided based upon the Court's factual determinations and there was not a "litany" of contrary cases directly on point. Petitioner has not shown that he used due care in the preparation of his 1987 return; therefore, he is liable for the additions to tax in 1987. For 1988, petitioner attempted to deduct the expenses associated with his graduate *175 legal studies in taxation. In light of the analysis required in order to decide this issue, the Court holds that petitioner is not liable for the addition to tax for 1988. Decision will be entered for respondent for the deficiency in tax and additions to tax for 1987 and for the deficiency in tax for 1988, and for petitioner for the addition to tax for 1988.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The parties agreed that petitioner's LL.M. education did not qualify him for a new trade or business.↩
3. Petitioner's claim that he rendered legal advice to friends and family is insufficient to change this conclusion. Petitioner did not render legal services for compensation prior to or during his graduate legal studies. Kohen v. Commissioner, T.C. Memo. 1982-625↩.
4. The cases cited by petitioner are Drucker v. Commissioner, 77 T.C. 867 (1981), affd. in part and revd. in part 697 F.2d 46 (2d Cir. 1982); Sherman v. Commissioner, T.C. Memo. 1989-269; Hummer v. Commissioner, T.C. Memo. 1988-528↩.